**FITZPATRICK et al. v. CHILDS.**

No. 15604—Opinion Filed Aug. 2, 1924.

(Syllabus.)

1. **Elections—Registration of Voters—Reregistration.**

When an elector has once been lawfully registered, pursuant to the provisions of sections 6252-55 of the statutes, he can never be required to again register except in event "the qualifications of electors of the state of Oklahoma are changed by constitutional amendment," as provided by section 6264, Comp. Stat. 1921.

2. **Same—Effect of Change in Precinct Boundaries.**

When the county election board changes the boundaries of a voting precinct, that action in no wise nullifies or affects the validity of a registration certificate theretofore lawfully issued and then held by one who, at the time of the change, was a qualified elector in such precinct. No such change either requires, authorizes, or permits a precinct registrar to reregister any such elector who was already a qualified and duly registered elector in such precinct. Such registered elector, notwithstanding the change in his precinct boundary lines, may vote in the new precinct in which his residence is located without reregistering or even transferring or otherwise changing his registration certificate as provided in section 6256, supra, relative to transfers in case of change of residence.

### 3. Same—Change of Party Affiliation.

No elector, under the guise of necessity of a change in his registration certificate by virtue of a change of residence or change of the boundary lines of a voting precinct, shall be permitted to obtain a registration certificate designating him to be a member of a political party other than that which he is designated to belong to in his original certificate. Such change can be made only 90 days or more preceding an election as specifically provided in section 6256 supra.

Error from District Court, Carter County; Asa E. Walden, Judge.

Injunction by H. C. Childs against Arch Clark, County Registrar, and others. Judgment for plaintiff, and defendants bring error. Reversed and dismissed.

Kirby Fitzpatrick and H. A. Stanley, for plaintiffs in error.

Sigler & Jackson, Coakley & Mathers, and Ledbetter & Ledbetter, for defendant in error.

LYDICK, J. In the district court of Carter county, H. C. Childs brought a suit in equity for an injunction against Arch Clark, county registrar of said county, and others, in which he alleged himself to be a qualified elector of said county. He alleged that on June 9, 1924, the county election board, pursuant to the authority to it granted by section 6298, Comp. Stat. 1921, had altered the boundary lines of all the voting precincts in Carter county. That in said reregistration about 900 persons who had formerly been registered as electors in said county as members of the Republican party had registered as members of the Democratic party and had duly received their registration certificates from the precinct registrars of their respective precincts. The plaintiff therein further alleged that Arch Clark, as county registrar, claiming to act under authority of section 6259, Comp. Stat. 1921, had, upon the complaint of two or more electors, as provided therein, issued notices to said 900 electors above referred to and was proceeding, under authority which he claimed to have by virtue of section 6259, supra, to hear and determine whether he would cancel the registration certificates issued to said 900 registered electors. It was further alleged by the plaintiff in his petition that these proceedings were being had by the said Arch Clark pursuant to an unlawful conspiracy between the registrar and others and according to which the said Arch Clark would, unless restrained by the court, unfairly, unjustly, wrongfully, and illegally cancel all such registration certificates and thereby deprive all of said 900 persons of their right to vote as members of the Democratic party in the coming primary election. It was alleged in the petition that the sole ground, reason, and cause for which the said Arch Clark would cancel said certificates of registration was that all of said 900 electors had theretofore been lawfully registered as electors in Carter county, it being alleged and admitted that they had not changed their politics and their registration certificates accordingly 90 days before the election as authorized and provided in section 6256, Comp. Stat. 1921. The defendant, Arch Clark, demurred to the petition of the plaintiff, and upon hearing the demurrer was overruled by the lower court, to which the defendant excepted. The defendant refused to plead further and the court rendered judgment permanently enjoining Arch Clark as county registrar from proceeding to cancel the registration certificates of the said 900 electors except for reasons other than that, at the time the last registration certificates were issued, they were already duly qualified electors of Carter county as members of the Republican party and had failed to make the change in their politics as authorized by section 6256, Comp. Stat. 1921.

The defendant, Arch Clark, appealed by petition in error, with transcript attached.

Section 6252, Comp. Stat. 1921, provides for the registration of all electors in the state. When an elector has once been lawfully registered, pursuant to the provisions of that section of the statutes, he can never be required to again register except in event "the qualifications of electors of the state of Oklahoma are changed by constitutional amendment," as provided by section 6264, Comp. Stat. 1921.

In event the elector changes his residence from one precinct to another, he is required, in order to maintain his right to vote, to present his original registration certificate to the registrar issuing the same, have the same duly canceled, and then present the same to the registrar of the precinct in which he then lives and receive a new registration certificate. This is commonly called transferring from one precinct to another. This transfer may be made at any time even up to and including the date of the election.

The only other instance where an elector, once lawfully registered, may take any affirmative action in relation to his registration is when he changes his politics. Upon so doing, the elector must surrender his original registration certificate to the registrar issuing the same and thereupon receive a new registration certificate designating him as a member of the party which he may then name. This change of registration certifi-

cate so as to register the elector as a member of a political party other than the party to which he was designated to belong in his original certificate can be made only 90 days or more prior to the next succeeding election, as is provided under section 6256, supra.

Under the statutes of the state the county election board in each county fixes the number of voting precincts in the county and their respective boundaries, and by the provisions contained in section 6298, Comp. Stat. 1921, the board may change these boundaries. When the county election board changes the boundaries of a voting precinct, that action in no wise nullifies or affects the validity of a registration certificate theretofore lawfully issued and then held by one who, at the time of the change, was a qualified elector in such precinct. No such change either requires, authorizes, or permits a precinct registrar to reregister any such elector who was already a qualified and duly registered elector in such precinct.

Such registered elector, notwithstanding the change in his precinct boundary lines, may vote in the new precinct in which his residence is located without reregistering or even transferring or otherwise changing his registration certificate as provided in section 6256, supra, relative to transfers in case of change of residence.

No elector, under the guise of necessity of a change in his registration certificate by virtue of a change of residence or change of the boundary lines of a voting precinct, shall be permitted to obtain a registration certificate designating him to be a member of a political party other than that which he is designated to belong to in his original certificate. Such change can be made only 90 days or more preceding an election as specifically provided in section 6256, supra.

It is, therefore, our opinion that the entire reregistration in Carter county, following the change of precinct boundary lines as stated in this opinion, is absolutely void except in so far as there were lawfully registered those electors who were entitled to be registered independent of a consideration of a change of the boundary lines of those precincts.

Electors who were formerly lawfully registered and who again registered in this general reregistration had, as above stated, did not thereby lose, but they still retain, all rights which they then had under their former registration certificates, even though they may have surrendered the same in making this last reregistration.

It, therefore, follows that the county registrar had the right to proceed and strike from the registration rolls made during this general reregistration the names of those who, according to this opinion, had no right to register at that time.

We, therefore, hold that the petition of the plaintiff filed in the court below did not state a cause of action and that the demurrer should have been sustained.

It is, therefore, ordered that the judgment of the lower court be, and the same is hereby, reversed and the cause is hereby dismissed.

NICHOLSON, HARRISON, BRANSON, WARREN, and GORDON, JJ., concur.